UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BENITO QUICHIMBO-JIMENEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No. 2:26-cv-00739-DAD-EFB<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. No. 2) |

This matter is before the court on petitioner's motion for temporary restraining order filed on March 6, 2026. (Doc. No. 2.) Petitioner seeks release from his detention by Immigration and Customs Enforcement ("ICE") which began on January 27, 2026. (*Id.*; *see also* Doc. No. 1 at 4.) On March 6, 2026, the court issued a briefing schedule on the motion and instructed respondent to address whether any provision of law or fact in this case distinguished it from the court's prior order in *Rangel v. Noem*, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996 (E.D. Cal. Jan. 9, 2026). (Doc. No. 5.) On March 9, 2026, respondent filed its opposition to the pending motion. (Doc. No. 6.) In that opposition, respondent states that it is not opposed to the court resolving the merits of the underlying habeas petition based on the current briefing. (*Id.* at 1.)

Respondent concedes that the facts of this case do not render it distinguishable from *Rangel*, but maintain that the law has changed since the undersigned issued the order in *Rangel*.

1

(*Id.* at 2–3.) In this regard, respondent cites the Ninth Circuit panel's order temporarily staying the district court's order in *Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3713987 (C.D. Cal. 2025) outside of the Central District of California. *Bautista v. U.S. D.H.S.*, No. 26-1044, Doc. No. 5. The undersigned's prior order in *Rangel* did rely on the district court's entry of final judgment in *Bautista* and, accordingly, respondent's argument that the law has changed is well-taken. *See Rangel*, 2026 WL 73996, at *2 (concluding that the petitioner was entitled to an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) in light of the entry of final judgment in *Bautista*). Nevertheless, the court finds the following analysis in *Bautista* persuasive regarding the requirements of the Immigration and Nationality Act ("INA"):

> [T]he statutory language of § 1225 details the process by which immigration officers inspect noncitizens arriving in the United States, refer them for hearings, and initiate procedures for expedited removal. On the other hand, § 1226 describes how noncitizens may be apprehended and detained. . . . Based on the undisputed facts, Petitioners were not inspected by immigration officers when arriving in the United States and were already in the United States at the time of their arrest and being charged as inadmissible. Maintaining the position underlying their TRO, Petitioners argue that § 1226(a)—not § 1225(b)(2)—applies to them and those similarly situated.
>
> * * *
>
> Respondents endorse an interpretation of § 1225 that effectively removes § 1226 from existence. Respondents attempt to downplay the consequences of their proposed position stating that § 1226 is a mere redundancy in statutory drafting, or that it is congressional effort to be doubly sure that such unlawful noncitizens are detained. Not so. If the Court were to accept Respondents' position that all noncitizens already in the country (regardless of whether they were inspected and authorized by an immigration officer) were "applicants for admission," then there would be no possible set of noncitizens to which § 1226(a) would apply. Put in another way, Respondents' proposed interpretation requires that any and all inadmissible noncitizens are also "applicants for admission." Such a premise cannot be harmonized with other portions of the INA.
>
> There must be an appreciable or meaningful difference between § 1225 and § 1226. The text of these subsections reveals a crucial difference in their treatment of detention. Detention under § 1226 is permissive; detention under § 1225 is mandatory. The Ninth Circuit previously concluded "permissive and mandatory descriptions are in harmony, as they apply to different situations." *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1081 (9th Cir. 2015).
>
> Thus, Respondents' expansive interpretation of "applicants for admission" would effectively nullify a portion of the INA through

> the DHS's legislative or interpretive exercise of power.  Neither is appropriate under the separation of powers.  Meanwhile, Petitioners' interpretation—that § 1226(a) is the governing authority and that they are not "applicants for admission"—is not contrary to the statutory scheme of the INA. . . . Absent Congressional action that repeals and revises § 1226(a), the directive that the Attorney General must either continue to detain the noncitizen or release the noncitizen on bond or parole persists.

*Bautista*, 2025 WL 3713987, at *8–9, 11–12 (cleaned up and internal citations omitted).  Indeed, this reading is in accord with other authority interpreting 8 U.S.C. §§ 1225, 1226 that the undersigned has previously found persuasive.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *1–3 (E.D. Cal. Feb. 12, 2026).  Accordingly, the court concludes that, to the extent petitioner is in the same class of petitioners described by the undersigned in the prior order in *Rangel*, petitioner is subject to 8 U.S.C. § 1226(a) rather than § 1225(b).  Therefore, petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) based on respondent's concession that this case is not factually distinguishable from *Rangel*.  (Doc. No. 6 at 2–3.)

In conducting a review of the immigration forms attached to respondent's opposition, it appears that petitioner has been present in the United States since at least 2016 and has encountered immigration authorities prior to his re-detention.  (Doc. No. 6-2 at 2.)  Petitioner also alleges that he previously filed a U Visa petition with United States Citizenship and Immigration Services.  (Doc. No. 1 at 5.)  This evidence supports a finding that petitioner has previously been released by immigration authorities.  On this record, the court finds applicable its prior orders in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in her continued release and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), in which the court concluded that previously releasing the petitioner on his own recognizance created a reliance interest such that the petitioner was entitled to the due process available under 8 U.S.C. § 1226(a).  The court adopts its reasoning expressed in those cases and concludes that due process further requires the immediate release of petitioner.

3

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner from respondent's custody with the same conditions he was subject to immediately prior to his re-detention on January 27, 2026;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting habeas relief; and

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **March 10, 2026**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE